**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **N.R., *an individual*,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-486** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **SOUTHFIELD HOTEL LLC, *et al.*,** | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on various motions seeking to dismiss Plaintiff N.R.'s Amended Complaint for, *inter alia*, lack of jurisdiction, improper venue, failure to state a claim, and impermissible shotgun pleading. (ECF Nos. 60; 61; 63; 70; 96; 104). For the reasons set forth below, the Amended Complaint is **DISMISSED without prejudice** for various pleading deficiencies.

## I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and the Child Abuse Victim's Rights Act ("CAVRA"), 18 U.S.C. § 2255. Plaintiff N.R., proceeding anonymously, brings this lawsuit against Defendants Southfield Hotel LLC ("Southfield"),[1] Red Roof Inns, Inc., Red Roof Franchising, LLC, and RRF Holding Company, LLC (collectively, the "Red Roof Defendants"), Southfield Hotel Real Estate, LLC ("SHRE"),[2] Choice Hotels International, Inc. ("Choice"),[3] Kiwi Hospitality Detroit, LLC

[1] Southfield Hotel LLC is alleged to do business as a Red Roof Inn in Southfield, Michigan.
[2] Southfield Hotel Real Estate LLC is alleged to do business as the Quality Inn Southfield in Belleville, Michigan.
[3] Choice Hotels International, Inc. is alleged to do business as Quality Inn.

("Kiwi"),[4] and Best Western International, Inc. ("Best Western"). She alleges that she was the victim of sex trafficking at the Defendants' "Detroit-area hotels" for "much of 2020 and 2021" while she was a minor. (¶¶ 2–3, 7, 36).[5]

Plaintiff is "a resident of the State of Ohio who was transported to Michigan" where she was trafficked for sex. (¶ 8). She ran away from her home in 2020 and was thereafter captured and "exploited" by her trafficker, Derrick Murphy, who "beat" her, "demanded videos of her victimization, and imposed quotas for her to fulfill through commercial sexual acts with adult men." (¶¶ 33–35). For the next two years, Plaintiff "was trafficked more than 400 times at the Defendant[s'] Hotels, often residing for weeks at a time at Defendants' premises." (¶ 36). She explains that during her stays at the Defendants' hotels, she "appeared to . . . be a minor and [to be] unaccompanied most of the time," she "frequently interacted with hotel front desk staff, management personnel and cleaning employees, and [she] was subjected to adult males coming into and out of her hotel room several times a day, all within the casual observation of hotel staff." (¶ 37). Ultimately, her trafficker was arrested and prosecuted in the U.S. District Court for the Northern District of Ohio, and is serving a term of incarceration for 140 months. (¶ 38).

On May 3, 2025, Plaintiff initiated suit in this district court. (*See* ECF No. 1). She seeks to hold Defendants civilly liable for her trafficking, arguing that they "turned a blind eye to what was happening to increase, protect and/or save [their] profit margins and/or financial interests." (¶¶ 3–4). She filed her Amended Complaint on October 9, 2025. (*See* ECF No. 56). She asserts two causes of action: (1) violation of the TVPRA; and (2) violation of CAVRA. (¶¶ 79–92).

---

[4] Kiwi Hospitality Detroit, LLC is alleged to do business as the Best Western Premier Southfield.

[5] All citations to paragraphs (*e.g.*, "¶ _") reference Plaintiff's operative Amended Complaint unless otherwise stated. (*See* Am. Compl., ECF No. 56-1). For the purposes of this Opinion, the Court accepts as true all well-pleaded allegations in that Amended Complaint.

Choice then moved to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1391(b), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, Choice asked the Court transfer the case, or sever and transfer the claims against Choice, to the U.S. District Court for the Eastern District of Michigan. (ECF No. 60). Plaintiff opposed, (ECF No. 67), and Choice replied, (ECF No. 74).

Best Western also moved to dismiss for failure to state a claim. Best Western also argued that the Amended Complaint failed to satisfy the basic pleading requirements of Fed. R. Civ. P. 8(a) and constituted impermissible group pleading. (ECF No. 63).[6] Plaintiff opposed, (ECF No. 68), and Best Western replied, (ECF No. 71).[7]

Thereafter, the Red Roof Defendants moved to dismiss for improper venue, as well as for failure to state a claim. In the alternative, the Red Roof Defendants also requested that the Court transfer the case to the Eastern District of Michigan. (ECF No. 70). Plaintiff opposed, (ECF No. 75), and the Red Roof Defendants replied, (ECF No. 82).

Former Red Roof franchisee Southfield also moved to dismiss for improper venue and failure to state a claim, largely incorporating the arguments advanced by the Red Roof Defendants. (ECF No. 96). Plaintiff opposed, (ECF No. 97), and Southfield replied, (ECF No. 102).

---

[6] Best Western's Motion to Dismiss was first filed as ECF No. 61, and then ECF No. 63 was filed as an amended Motion to Dismiss that same day. Thus, the original Motion to Dismiss (ECF No. 61) is moot. *Green v. Ab Coaster Holdings, Inc.*, 2012 WL 4442749, at *2 (S.D. Ohio Sept. 25, 2012) (Marbley, J.).

[7] Best Western later amended its already-amended motion again to correct a typographical error, (ECF No. 104), and Plaintiff replied to indicate her continued opposition to the merits of Best Western's Motion to Dismiss, (ECF No. 105). The Court has notice of the typographical error and considers this second amened Motion to Dismiss (ECF No. 104) moot as duplicative.

Finally, a few other interim developments are worth noting. Plaintiff voluntarily dismissed her claims against SHRE. (ECF No. 95). The Magistrate Judge also denied Kiwi's Motion to Transfer Venue to the Eastern District of Michigan, determining that Kiwi's motion failed because Kiwi did not argue that personal jurisdiction or venue was improper. *N.R. v. Southfield Hotel LLC*, 2026 WL 672898, at *2 (S.D. Ohio Mar. 10, 2026) (Deavers, M.J.) (ECF No. 100). The Magistrate Judge relied on *In re Hotel TVPRA Litig.* and its progeny, where this Court has declined to exercise discretionary power to transfer related CAVRA cases pursuant to § 1404. *Id.* (citing, *inter alia*, *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *10, 21 (S.D. Ohio Apr. 25, 2023) (Marbley, J.)).

The motions submitted by Choice, Best Western, the Red Roof Defendants, and Southfield are now ripe for review. Although their arguments are not identical, taken together, they challenge the Court's jurisdiction under Fed. R. Civ. P. 12(b)(2), venue under Fed. R. Civ. P. 12(b)(3), and the sufficiency of the pleading under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8. In the alternative, they seek convenience transfer of part or all of this action pursuant to § 1404(a).

## II. STANDARD OF REVIEW

A Rule 12(b)(2) motion to dismiss challenges the district court's personal jurisdiction over the movant, a Rule 12(b)(3) motion to dismiss challenges improper venue, and a Rule 12(b)(6) motion to dismiss challenges the sufficiency of the pleading. When all these motions are made, federal courts must first address the Rule 12(b)(2) motion, "[b]ecause personal jurisdiction is a threshold determination linked to any subsequent order issued by the court." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). The legal standard for each type of motion is set forth below.

**A. Personal Jurisdiction**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) challenges the district court's personal jurisdiction over the case. To determine whether personal jurisdiction exists over an out-of-state defendant, the court generally must find: (1) the forum state's long-arm statute authorizes jurisdiction; and (2) exercising that jurisdiction comports with constitutional due process. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). The plaintiff bears the burden of establishing that personal jurisdiction exists over a defendant. *Id.* at 549.

Where, as here, "the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal.'" *Id.* (citations omitted). The plaintiff can make this showing by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation omitted). In deciding a Rule 12(b)(2) motion, a district court "must consider the pleadings and affidavits in a light most favorable to the non-moving party," and "does not weigh the controverting assertions of the party seeking dismissal." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

**B. Venue**

A motion to dismiss pursuant to Rule 12(b)(3) challenges the venue of the district court. Venue is proper in: (1) any district in which the defendant resides, if all defendants are residents of the state; (2) a district "in which a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of the property is situated"; or (3) if there is no other district where the action may be brought so long as the court has personal jurisdiction over the defendant. 28 U.S.C. § 1391(b). Even if venue is proper under § 1391(b), a court may exercise its discretion to grant a motion to transfer venue under 28 U.S.C. § 1404(a) if the transfer would further the convenience of the parties and the witnesses and be in the interest of justice. *See A.C. v. Red Roof Inns, Inc.*, 2020 WL 3256261, at *1 (S.D. Ohio June 16, 2020) (Marbley, J).

**C. Failure to State a Claim**

Last, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) evaluates the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion tests the complaint's cause of action and is "not a challenge to [its] factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). Thus, in evaluating a Rule 12(b)(6) motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff, accept [all] allegations as true, and draw all reasonable inferences in [its] favor." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation marks and citation omitted). This favorable treatment of the complaint applies to well-pleaded factual allegations. Complaints cannot rest on legal conclusions, as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" are insufficient; similarly, factual assertions cannot rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). In sum, the facts alleged must be sufficient to "raise a right to relief above the speculative level," such that the complaint states a claim for relief that is "plausible

on its face." *Twombly*, 550 U.S. at 555, 570; *Hensley Mfg., Inc. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Beyond the complaint itself, courts may also consider exhibits attached to the complaint, "public records, items appearing in the record of the case and exhibits attached to the defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

## III. **LAW & ANALYSIS**

### A. Applicable Statutory Provisions

The Trafficking Victims Protection Reauthorization Act establishes criminal liability for "[w]hoever knowingly . . . benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act" that constitutes recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting by any means a person "knowing, or except where the act . . . is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a).

The TVPRA also creates a civil cause of action, allowing "[a]n individual who is a victim of a violation of [§ 1591] [to] bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person know or should have known has engaged in an act in violation of [§ 1591])." 18 U.S.C. § 1595(a).

Meanwhile, the Child Abuse Victim's Rights Act states that "[a]ny person who, while a minor, was a victim of a violation of section . . . 1591 . . . of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue." 18 U.S.C. § 2255(a). CAVRA also provides that "process may be served in any district in which the defendant . . . is an inhabitant; or may be found." 18 U.S.C. § 2255(c)(2). Service of process "will establish personal jurisdiction over defendants when authorized by federal statute." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *9 (citing Fed. R. Civ. P. 4(k)(1)(C)).

**B. Jurisdiction under CAVRA**

Congress can confer nationwide personal jurisdiction when it includes a nationwide service of process provision in a statute, as it did in § 2255(c)(2) of CAVRA. In this case, the inquiry into personal jurisdiction "no longer assesses whether the defendant has minimum contacts with the forum state but instead determines whether a defendant has minimum contacts to the United States." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *9. The Sixth Circuit's discussion of such statutory provisions in *Med. Mut. Of Ohio v. DeSoto* is instructive:

> When . . . a federal court sitting pursuant to federal question jurisdiction exercises personal jurisdiction over a U.S. citizen or resident based on a congressionally authorized nationwide service of process provision, that individual['s] [due process] liberty interest is not threatened. In such cases, the individual is not being subject to extra-territorial jurisdiction, because the individual is within the territory of the sovereign—the United States—exercising jurisdiction. In other words, when a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States.

245 F. 3d 561, 567 (6th Cir. 2001). Put differently, "Congress can authorize nationwide service of process . . . permitting claimants to sue a defendant in any of the federal district courts in the country." *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432, 438 (6th Cir. 2022).

To start, there is no dispute that all Defendants have minimum contacts with the United States because they are all United States corporations or companies that are domestic citizens of various states within the United States (whether by virtue of their place of incorporation, principal place of business, headquarters, or citizenship as derived from members). *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *10 (collecting cases). Accordingly, the Court will have personal jurisdiction over the Defendants, if Plaintiff has sufficiently stated a CAVRA claim. The personal jurisdiction analysis necessarily blends into an analysis as to whether Plaintiff has stated a claim for relief.

**C. CAVRA Claim**

Among other issues, the Defendants collectively challenge both the Court's personal jurisdiction and the sufficiency of Plaintiff's stated CAVRA claim. Because the Court's personal jurisdiction—at least over certain defendants—depends on whether Plaintiff has stated a CAVRA claim, the analysis merges. *E.g.*, *G.M. v. Choice Hotels Int'l, Inc.*, 725 F. Supp. 3d 766, 771 (S.D. Ohio 2024) (Marbley, J.) ("To determine whether this Court possesses personal jurisdiction over the Defendant, this Court must first analyze whether Plaintiff has stated a CAVRA claim."); *accord A.M. v. Wyndham Hotels & Resorts, Inc.*, 728 F. Supp. 3d 787, 793 (S.D. Ohio 2024) (Marbley, J.) (same); *see also In re Hotel TVPRA Litig.*, 2023 WL 3075851, at * 9–10. For the sake of judicial economy, the Court considers the Defendants' arguments together.

Choice first argues that the Plaintiff has not adequately pleaded that she was a minor at the time of her alleged trafficking, and thus, Choice cannot be subject to nationwide personal jurisdiction under CAVRA. (ECF No. 60 at 4–5). Not so. As Plaintiff points out, she has alleged that she was born in 2004 and trafficked "[t]hroughout much of 2020 and 2021." (¶¶ 7, 36; *see* ECF No. 67 at 2–3). It is clear from Plaintiff's allegations, "read 'as a whole,'" that she was a

minor for the entire time period that she was trafficked. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 446–47 (6th Cir. 2014) (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 47 (2011)). Mathematically, that is the only possibility based on her allegations. Because Plaintiff has sufficiently alleged that she was a minor, the question becomes whether she has alleged that she was a victim of a violation of § 1591.

Best Western argues that because Plaintiff's trafficker was not prosecuted under 18 U.S.C. § 1591, she cannot avail herself of the civil remedy provisions of 18 U.S.C. § 1595. (ECF Nos. 63 at 23; 71 at 5). As Plaintiff points out, this would require a criminal conviction of her trafficker as a prerequisite for relief under the TVPRA. (ECF No. 68 at 3). Best Western's position contradicts the plain meaning of the text. A "violation" of a statute is not the same thing as a "conviction" for violating a statute. *See Prewett v. Weems*, 749 F.3d 454, 459 (6th Cir. 2014). Reasoning from this principle, the Court has explained that "the word 'violation' . . . does not require a showing that [hotel defendants] were convicted of trafficking crimes." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *7. Best Western's position is that because Plaintiff's alleged trafficker was convicted under a different criminal statute, she has not alleged that she was a victim for the purposes of 18 U.S.C. § 1591. (ECF No. 71 at 5). This position rests on a misreading of the statute. Plaintiff could have been a victim of a violation that was never investigated, prosecuted, or adjudged—the fact that her trafficker was sentenced for a different crime does not negate her allegation that she suffered a violation of the TVPRA.

Next, the Defendants generally argue that Plaintiff's allegations are conclusory and thus necessarily fail to state a CAVRA claim. Choice claims that this means Plaintiff cannot establish personal jurisdiction over it under CAVRA as a matter of law. (ECF Nos. 60 at 5–6, 30; 74 at 4, 17–18; 70 at 1–2).

Best Western and the Red Roof Defendants point out the "formulaic" Amended Complaint, which they contend pleads a "generalized vague laundry list[]"of allegations that fail to provide them with notice of Plaintiff's claims. (ECF Nos. 63 at 15, 21; 70 at 19; 82 at 10). For example, Best Western points to paragraph 77 of the Amended Complaint, which alleges that Plaintiff "exhibited many of the characteristics identified in paragraphs 46 and 47 of this Complaint, all in open and obvious observation of hotel staff. (*Id.* at 18 (quoting ¶ 77)). Yet those two paragraphs discuss the "role of the hospitality industry" in dealing with sex trafficking in general. (*Id.* at 18 (citing ¶¶ 46–47, 77)). Those two paragraphs allege how hotels have historically profited from human trafficking and discuss efforts to address the problem in the early 2000s. They say nothing about "characteristics" that Plaintiff could have exhibited to hotel staff. And while Best Western gives Plaintiff the "benefit of the doubt" and assumes that she meant to cite to paragraphs 60 and 61, it points out that those paragraphs provide "laundry lists of possible signs of trafficking." (*Id.*).

In opposition, Plaintiff's position is largely that the Defendants have "rehashe[d] arguments repeatedly and squarely rejected by this Court in recent similar cases." (ECF No. 67 at 7; *see* ECF Nos. 68; 75). While Plaintiff's command of the Court's prior caselaw is able, she fails to recognize the deficiencies in *her* operative pleading. She asserts that her allegations are sufficient, repeatedly citing the same paragraphs of her Amended Complaint. (ECF Nos. 68 at 3–5; 67 at 7–10). But she fails to engage with Defendants' arguments as applied to her pleading—she assumes that because the Court rejected challenges to the sufficiency of pleadings in other circumstances, those arguments would apply here, too. They do not. Her general analysis of the Court's prior precedent does not establish the sufficiency of *her* pleadings. Although Defendants admittedly do reiterate arguments that the Court has already considered and rejected, necessitating Plaintiff's review of those previous cases, Plaintiff still fails to engage with Defendants' critiques on how her Amended

Complaint falls short as a pleading instrument. Tellingly, she cites paragraph 77 many times, apparently without recognizing—despite Best Western raising the issue—that paragraph 77 does not deliver on its promised cross-reference to characteristics that hotel staff might have observed.

Plaintiff's Amended Complaint is bare-bones when it comes to specific allegations about her case. Consider, for instance, her conclusory allegation that "the Hotels have demonstrated willful blindness to the sex trafficking at their motel." (¶ 76). Among other defects with this allegation, *see* Section III(D), *infra*, Plaintiff's allegation appears to be premised on general industry failings, and nothing about the specific hotels where she was trafficked. Most of her allegations are about sex trafficking in the hotel industry generally, and do not relate to her case specifically. (*E.g.*, ¶ 42 (discussing a "scholarly article" from 2015 that estimated what "pimps could earn . . . per week selling sex in the Atlanta, Georgia area"); *see generally* ¶¶ 39–70).

The deficiencies in Plaintiff's Amended Complaint can be summed up in a line she offers in trying to defend it: Plaintiff "is an Ohio resident who grieves national corporate misconduct." (ECF No. 75 at 4). Setting aside the issue that the Defendants do not even know whether Plaintiff resides in the Northern District of Ohio or the Southern District, and are left to guess, (*see* ECF Nos. 74 at 8 n.3; 70 at 8 n.2), Plaintiff has not advanced any non-conclusory allegation of national corporate misconduct. She has not alleged "the 'factual enhancement' necessary" to survive a motion to dismiss for failure to state a claim. *In re Darvocet, Darvon, & Propoxyphene Prods. Liability Litig.*, 756 F.3d 917, 932 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Without a viable TVPRA claim, she cannot assert her CAVRA claim, and without her CAVRA claim, personal jurisdiction is not assured over most of the Defendants. Naturally, this means that Plaintiff's pleading fails to state a claim, too. Although these failings alone are dispositive and

sufficient, the Court will briefly explain the Amended Complaint's failure to satisfy basic notice pleading requirements.

**D. Shotgun Pleading**

Aside from failing to state a claim, the Amended Complaint does not give the Defendants "fair notice of . . . the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a). Plaintiff has committed the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). In doing so, she has made it difficult, if not impossible, to understand the accusations as they stand regarding the different hotels and Defendants. There are precious few allegations that provide any substance regarding Plaintiff's claims against the Defendants, and those allegations do not distinguish the who, the what, the where, and the when of the facts as alleged against the Defendants. Most of Plaintiff's specific allegations against the Defendants are found in two paragraphs, where she alleges:

> Throughout much of 2020 and 2021, Plaintiff was trafficked more than 400 times at the Defendant Hotels, often residing for weeks at a time at Defendants' premises.
>
> During her stays at the Defendant Hotels, Plaintiff, who appeared to obviously be a minor and unaccompanied most of the time, frequently interacted with hotel front desk staff, management personnel and cleaning employees, and was subjected to adult males coming into and out of her hotel room several times a day, all within the casual observation of hotel staff.

(¶¶ 36–37).

The remainder of Plaintiff's allegations are not tailored to the specific facts of her case, or are broad, conclusory, and entirely fail to provide fair notice to the Defendants what she is talking about. For instance, return to her allegation that "the Hotels have demonstrated willful blindness to the sex trafficking at their motel." (¶ 76). It is entirely unclear whether Plaintiff is even referring

to the Defendants in this action, who she collectively refers to as "Defendant Hotels." (¶ 2). Elsewhere, she uses "Hotels" to refer generally to hotels in the industry. (¶¶ 39–70). Moreover, the Defendant Hotels have multiple properties, not one. It is entirely unclear to which "motel" Plaintiff refers. Similarly, as the Defendants have pointed out, it is unclear what Plaintiff alleges would have put the Defendants on notice about the circumstances or "characteristics," (¶ 77), of her alleged trafficking on their particular hotel properties. *See* Section III(C), *supra*. The Amended Complaint fails to clarify what allegedly happened to Plaintiff, and whether her trafficking and the alleged knowledge of Defendants was uniform across the multiple Defendants' hotels or varied. (*E.g.*, ¶¶86–87).

In sum, and for multiple reasons, Plaintiff's Amended Complaint is deficient as a pleading instrument. It fails to satisfy the notice pleading requirements, and its conclusory allegations do not state a claim upon which relief can be granted. Because the Amended Complaint is deficient, the Court is not assured that Plaintiff has stated a CAVRA claim and thus cannot be assured that it has personal jurisdiction over the non-Red Roof Defendants. Given the fundamental jurisdictional and basic pleading issues, the Court finds it premature to consider arguments regarding venue or the discrete elements of the claims.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's Motions to Dismiss (ECF Nos. 60; 63; 70; 96) are **GRANTED in part** and **DENIED in part as moot**. Plaintiff N.R.'s Amended Complaint (ECF No. 56-1) is **DISMISSED without prejudice** for lack of personal jurisdiction, failure to show entitlement to relief, and in part for failure to state a claim.

Because Defendant Best Western submitted an Amended Motion to Dismiss (ECF No. 63), its original Motion to Dismiss (ECF No. 61) is **DENIED as moot**. The Court has notice of Best

Western's renewed Amended Motion to Dismiss (ECF No. 104) curing a typographical error, that separate motion is **mooted** as duplicative.

Given that it appears possible that Plaintiff "can correct the defect[s] in [her] pleading," 6 Wright & Miller's Federal Practice and Procedure § 1483 (3d ed. 2025), the Court will **GRANT** her leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), in light of the Sixth Circuit's caselaw manifesting liberality in allowing amendments to complaints. *Newberry v. Silverman*, 789 F.3d 636, 645–46 (6th Cir. 2015). **Should Plaintiff wish to amend, a Second Amended Complaint must be submitted within thirty (30) days of the date of this Order**.

In light of the voluminous briefing that has occurred so far in this case, the Court sets the following briefing page limits for any additional motion to dismiss briefing: Defendants' memoranda in support of motions to dismiss are limited to twenty (20) total pages; Plaintiff's memoranda contra shall be not more than twenty (20) total pages; reply briefs are not permitted, except by leave of Court.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 21, 2026**